*Rollin Mathewson & Frederick Rueckert*, for defendant.

---

## SHEFFIELD SMITH *vs.* HENRY S. SMITH.

Pub. Stat. R. I. cap. 186, § 18, provides that all actions brought against a testator or intestate in his lifetime, which shall survive, and in which his executor or administrator being cited shall appear, shall be continued until it appears whether his estate is insolvent or not, and if found insolvent, the proceedings

shall be conducted as provided in the same chaper, §§ 12 to 17 inclusive, namely, by proving claims before commissioners, or at common law.

Pending a suit in equity between two partners to wind up the partnership, the respondent died, his estate was represented to be insolvent, and commissioners were appointed to receive and examine claims against the estate.

*Held,* that the complainant was entitled to proceed with his suit against the administratrix of the deceased partner, in order to obtain an adjustment of the partnership accounts.

If, as the result of the suit, a sum of money be found to be due to the complainant, he must then, on obtaining a decree therefor, prove his claim before the commissioners, or failing to do so, be limited for its recovery to the surplus of the estate if any, in the hands of the administratrix after deducting the amount of the claims allowed by the commissioners.

Whether or not interest is to be allowed on the balance found due to a partner on taking an account between them in equity depends upon the circumstances of the case.

Where the complainant in a bill for the dissolution of a partnership and for an account has suffered his claim to lie till it has become stale and antiquated, and through the lapse of years the means of showing the true state of the account has been lost, an allowance of interest on the balance found due to the complainant might be inequitable and will not be made.

BILL IN EQUITY to dissolve a partnership. On complainant's motion to assign the cause for hearing, and subsequently on exceptions to master's report.

*June* 30, 1894.    PER CURIAM.    The complainant moves that the cause be assigned for hearing on the respondent's exceptions to the master's report.

The present respondent, Alice N. Smith, administratrix on the estate of Henry S. Smith, the original respondent, opposes the motion and has filed a plea in the nature of a plea *puis darrein,* in which she sets up that the said Henry deceased on April 25, 1893, intestate, being at that time a resident of Providence : that she has been appointed administratrix of his estate by the Municipal Court of Providence, and has duly qualified herself to act as such : that this suit was begun against the said Henry in his lifetime : that on February 20, 1894, she represented to said Municipal Court that said estate was insolvent, and that that court has appointed commissioners on said estate to receive and examine the claims of the several creditors of the same and how they are made out ; that said commissioners have duly qualified themselves to act and have appointed times and place for

meeting creditors for that purpose : she, therefore, prays in and by her plea that no further proceeding should be had in this suit and that the complainant be required to present and prove his claim if any he has, against said estate to said commissioners, and to discontinue this suit.

In support of the claim in the plea, the respondent refers to Pub. Stat. R. I. cap. 186, § 18, as follows : —

"All actions brought against any executor or administrator before the estate is represented insolvent, or against the testator or intestate in his lifetime, which shall survive, and in which the executor or administrator being cited shall appear, shall be continued until it shall appear whether the said estate is insolvent or not, and if found insolvent, the proceedings shall be conducted as above provided." That is, by proving the claims before the commissioners, or at common law, as provided in the same chapter, §§ 12-17.

We do not think that the prayer of the plea should be sustained. The suit is not an *action*; nor is it primarily a suit for the prosecution of a claim against the intestate or the administratrix, but it is a bill in equity for winding up the partnership which existed between the complainant and the deceased, and the taking of the partnership accounts. It is true that as a result of the taking of the partnership account, a sum of money, may, perhaps, be found to be due to the complainant from the estate of the deceased, but that result is incidental rather than the main purpose of the proceeding. If such should be the result, when the decree ascertaining the amount due to the complainant has been obtained, the complainant must then present and prove his claim as so ascertained to the commissioners, or in the event of not doing so, be limited for its recovery to the surplus of the estate remaining in the hands of the administratrix, after deducting the amount of the claims allowed by the commissioners, or of losing it altogether if there be no surplus. *Gardner* v. *Gardner*, 17 R. I. 751. But in the meantime we think that the complainant is entitled to proceed with the suit. Indeed, until there has been an adjustment of the partnership accounts to obtain which, if the parties cannot

agree, there is no better means than the present suit, we do not see how the administratrix can settle the estate.

The motion to assign the cause for hearing is granted.

The cause was then sent to a master and subsequently came before the court on exceptions to the master's report.

*November* 23, 1894.    PER CURIAM.    In the absence of the usual data for taking an account, and after the lapse of fifteen to twenty years since the transactions of the partnership to which the account refers, it is extremely difficult to arrive at a satisfactory conclusion respecting the true state of the account. Such books of account as were kept by the parties not being accessible for the reasons set forth in the testimony, the master was obliged to proceed largely on the uncertain recollections of witnesses concerning matters which occurred many years prior to their testimony, and to reach his conclusion by reasoning from averages and inferences instead of from clearly established, definite facts and amounts. He appears to have taken a moderate and conservative view of the testimony before him in estimating the volume of the partnership business and its profits. Though we cannot resist the feeling that the amount found due to the complainant is much larger than he is probably entitled to, .we cannot say that the finding is not warranted by the testimony, except that no allowance is made for the loss of four horses by death. Assuming that these horses were worth on an average one hundred and twenty-five dollars each, which we think may fairly be assumed on the testimony, there should have been deducted from the profits as ascertained, viz.: $33,500, the sum of $500.

The master evidently regarded the barn and lot standing in the name of Henry S. Smith as his individual property. We think that he was justified in so doing.

As the partnership extended only to the purchase and sale of horses, we think that the use of the horse by Sheffield Smith and the keeping of the horse during the period he was so used were matters between him and Henry S. Smith individually, and not partnership transactions, and, hence, that the master properly took no account of these items.

The master, though he has computed the interest on the complainant's share of the profits as ascertained by him, has neither allowed nor disallowed it, but has left the question to be determined by us. Ordinarily, interest on the balance found due to a partner at the dissolution of a partnership will be allowed from the date of the dissolution, or from such a date as would afford a reasonable opportunity to close up the partnership business ; *Allen* v. *Woonsocket Company*, 13 R. I. 146 ; because ordinarily such allowance is equitable ; but when, as in the present instance, a complainant has allowed his claim to lie till it has become stale and antiquated and through the lapse of years the means of showing the true state of the account has been lost, such allowance may be very inequitable. In *Hunt* v. *Smith*, 3 Rich. (S. C.) Eq. 465, 520, the chancellor remarks that "in the allowance or disallowance of interest, all the circumstances are properly taken into consideration, and the character of the claims, as well as the vigilance or *laches* of the party insisting on the payment of interest, are always prominent features in directing the judgment of the Court. . . . It is not to be denied, that great and almost unprecedented delay took place in prosecuting the litigation. In no inconsiderable measure this was attributable to the parties ; although the claims have been preserved, the demand of interest upon them seems obnoxious to many of the principles which influence the Court." And see, also, *Pettus* v. *Clawson*, 4 Rich. (S. C.) Eq. 92.

We think that the remarks of the chancellor in *Hunt* v. *Smith*, quoted above, apply with peculiar force to the present case, and that in the circumstances the allowance of interest would be grossly inequitable.

The exceptions, except so far as sustained herein, are overruled, and the master's report, as modified hereby, is affirmed.

*George J. West*, for complainant.

*Benjamin N. Lapham & Charles E. Salisbury*, for respondent.